IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41141
Conference Calendar

_____

JAMES MCQUEEN BYRD,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-97-CV-399
- - - - - - - - - -
February 11, 1998
Before SMITH, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

James McQueen Byrd, # 414415, appeals the district court's

dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant

to 28 U.S.C. § 1915(e).  Byrd's motion for default judgment is

DENIED.  Byrd argues that the district court abused its

discretion in dismissing this civil action when it is clear in

Texas law that it is prohibited to give a sentence of probation

for aggravated sexual assault.  Byrd argues that his confinement

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

is illegal because it was illegal for him to receive a sentence of probation, subsequently revoked, for his crime of aggravated sexual assault.

Byrd does not address the merits of the district court's opinion. Byrd does not argue that the district court erred in its determination that his claims are a challenge to his conviction and are subject to dismissal under Heck v. Humphrey, 512 U.S. 477 (1994). Failure of an appellant to identify any error in the district court's analysis or application to the facts of the case is the same as if the appellant had not appealed that judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Because Byrd does not address the basis of the district court's dismissal, he has abandoned the only issue on appeal before this court.

We hold that Byrd's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2. We caution Byrd that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Byrd is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.